IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TONY RENDER, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 5:10-CV-122 (CAR) |
| VS. | : | |
| | : | |
| BRIAN OWENS, | : | |
| | : | Proceedings Under 28 U.S.C. §2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Before the court is respondent Brian Owens' motion seeking dismissal of the above-captioned Petition. Tab #19. Therein, respondent Owens contends that the instant petition is due to be dismissed as untimely according to the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244(d). Petitioner Tony Render has responded to the motion. Tab #23 and Tab #24. The motion is ripe for review.

### FACTUAL AND PROCEDURAL HISTORY

On May 13, 1996, Petitioner was indicted by a Macon County, Georgia grand jury for the offenses of malice murder, felony murder, aggravated assault, and burglary. On December 10, 1996, following a jury trial, he was found guilty on all counts. Merging the felony murder count, the trial court imposed a life sentence for malice murder, a twenty (20) year consecutive sentence for aggravated assault, and a twenty (20) year concurrent sentence for burglary.

On December 26, 1996, Petitioner filed a motion for new trial challenging his Macon County convictions and sentences. On April 14, 1997, while this motion was pending, the petitioner filed an application for writ of habeas corpus in the Superior Court of Butts County, Georgia. On June 24, 1997, the Superior Court dismissed the habeas petition without prejudice, finding that it was

1

premature. There is nothing in the record to indicate that the Superior Court of Macon County ever ruled on Petitioner's original motion for new trial.

On November 16, 1999, Petitioner filed his first federal habeas corpus petition challenging his Macon County, Georgia convictions and sentences. Render v. Tompkins, No. 5:99-CV-501 (M.D. Ga. Feb. 22, 2001). On February 22, 2001, this petition was dismissed without prejudice for lack of exhaustion.

During the pendency of his first federal petition, Petitioner filed an amended motion for new trial on June 15, 2000, and a second amendment to the motion for new trial on March 22, 2001. The Superior Court of Macon County summarily denied petitioner's requests for a new trial on May 7, 2003. There is no indication that he filed a notice of appeal from the denial of his requests for new trial. Almost seven years later, on March 4, 2010 the petitioner filed the instant federal petition. Tab #1. Respondent Owens then filed the instant motion seeking dismissal.

## DISCUSSION

Because this Petition was filed outside the applicable limitations period, and because Petitioner has failed to show any cause for tolling the limitations period, the Petition must be dismissed. The AEDPA sets forth a one-year statute of limitations for filing an application for a writ of habeas corpus for a person in custody pursuant to the judgment of a state court. 28 U.S.C. §2244(d)(1). This limitations period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Id</u>. In calculating the limitations period, courts do not count any time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In this case, Petitioner's convictions became final at the latest on July 6, 2003, the day upon which the thirty (30) day period for filing a notice of appeal from the denial of his requests for new trial expired. *See* O.C.G.A. § 5-6-38. Consequently, and in accordance with 28 U.S.C. §2244(d), the petitioner had until no later than Monday, July 5, 2004 in which to file a state collateral attack or federal habeas petition. There is nothing to indicate that Petitioner filed any such action prior to filing the present Petition in March 2010, or that any other event occurred that would toll the limitations period.

Petitioner makes only one arguably relevant argument related to the timeliness of his Petition. In his Response to the Motion to Dismiss, Petitioner states that "do to the state court hole up the petitioner was not out of time, and ineffective assistance on the counsel, cause every thing to be timely filed." Although this argument is difficult to interpret, it may be read to refer to the apparent failure of the Superior Court of Macon County to rule on Petitioner's Motion for New Trial for more than six years. Although such a delay is a matter of concern, it does not excuse Petitioner's own failure to file any direct appeal or collateral attack for more than five years after the Superior Court finally ruled.

The amount of un-tolled time that elapsed between the petitioner's convictions becoming final and his filing of the instant federal habeas action totaled no less than two-thousand-four-hundred-thirty-three (2433) days. This amount of time far exceeds the one (1) year period of

3

limitations.  Accordingly, IT IS RECOMMENDED that the respondent's motion seeking dismissal be GRANTED and the instant petition DISMISSED.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.  The Clerk is directed to serve the petitioner at the <u>last</u> <u>address</u> provided by him.

SO RECOMMENDED, this 15th day of November, 2010.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge